UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
Mayimba Music, Inc.,                                        :   Case No. 12 Civ. 1094 (AKH)
                                                            :
                Plaintiff,                          :   Hon Alvin K. Hellerstein
                                                            :
                -against-                          :
                                                            :
Sony Corporation of America, Sony Music                     :
Entertainment, Sony/ATV Latin Music                         :
Publishing LLC, Sony/ATV Discos Music                       :
Publishing LLC, and Sony/ATV Tunes LLC,                     :
                                                            :
                Defendants.                         :
                                                            :
------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM INTRODUCING EXPERT TESTIMONY AT TRIAL**

      Defendants Sony Corporation of America, Sony Music Entertainment, Sony/ATV Latin Music Publishing LLC, Sony/ATV Discos Music Publishing LLC, and Sony/ATV Tunes LLC (together, "Sony") respectfully submit this memorandum of law in support of their motion *in limine* to preclude Plaintiff Mayimba Music, Inc. ("Mayimba") from introducing any expert testimony at trial, including but not limited to any testimony by Mayimba's president, Marti Cuevas ("Cuevas") as to her opinion that the allegedly infringing works are substantially similar to and copied from the allegedly infringed work.

**PRELIMINARY STATEMENT**

      In this action Mayimba claims that musical compositions "Loca Con Su Tiguere" by Eduard Bello Pou p/k/a El Cata ("Bello") (the "Bello Composition") and Spanish and English versions of "Loca" released on Shakira's album *Sale el Sol*, infringe the copyright in a musical

composition also entitled "Loca Con Su Tiguere" allegedly written by Ramon Arias Vasquez ("Arias") (the "Arias Composition").

Mayimba has indicated that it intends to offer testimony from its president, Marti Cuevas, as to her opinion about the substantial similarity of the respective compositions, and her opinion that Bello Composition copied from the Arias Composition.

As an initial matter, neither Cuevas nor any other purported expert that Mayimba intends to offer should be permitted to testify at trial, because Mayimba failed to disclose any expert witnesses, or to produce any expert witness reports, as required by Federal Rule of Civil Procedure 26(a)(2) and by this Court's December 14, 2012 Civil Case Management Plan (Dkt. No. 7).

Even assuming Mayimba had properly and timely disclosed Cuevas as a proposed expert witnesses (which it did not), she should not be permitted to offer expert opinion testimony, because she does not possess sufficient experience in the field of musicological analysis to offer her opinion testimony under Federal Rule of Evidence 702 as to any alleged substantial similarity or copying of the musical works at issue. As a result, Mayimba should be precluded from offering Cuevas' proposed testimony that certain phrases contained in the Bello Composition and the Arias Composition are "the same or indistinguishable to the listener," that their "meaning remains the same," or that this alleged similarity "confirm[s]" that the Bello Composition "was copied" from the Arias Composition.

Moreover, under Federal Rules of Evidence 602 and 701, any testimony that Cuevas is permitted to offer must be limited to her own personal knowledge and sensory perceptions, as opposed to her purportedly expert opinions based on those perceptions. However, to the extent Mayimba intends to offer Cuevas's testimony as to the content of the lyrics of the songs at issue,

such testimony would constitute needless delay and would not be helpful to the Court's consideration of the issues.  The Court will be able to hear the lyrics by simply listening to the songs themselves, and by reviewing lyric sheets that will be provided at trial.  Mayimba should therefore also be precluded from offering Cuevas' testimony as to the lyrics of the songs at issue.

### Argument

I. **Mayimba is Precluded from Offering Any Expert Testimony Because Mayimba Did Not Disclose Any Experts, or Produce Any Expert Reports, as Required by the Federal Rules and This Court's Civil Case Management Plan**

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires each party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705" – *i.e.*, any expert opinion testimony.  Such disclosure "must be accompanied by a written report" containing numerous categories of information, or "must state the subject matter on which the witness is expected to present evidence … and a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(B), (C)(ii).  These disclosures must be made at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a).[1]

The Court's December 14, 2012 Civil Case Management Plan set March 22, 2013 as the deadline by which the parties were required to serve expert reports.  (Dkt. No. 7 at p.4.)  <u>Mayimba did not disclose any expert witnesses, or produce any expert reports, by the March 22, 2013 deadline, or at any time thereafter.</u>

Where, as here, a party "fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

---

[1] In the absence of a court order, Rule 26(a)(2)(D) requires that expert disclosures be made at least 90 days before trial.

Accordingly, courts in this District have not hesitated to preclude a party from presenting expert testimony where that party failed to properly and timely disclose the proposed expert and an expert report. *See e.g., Shea v. Royal Enters.*, No. 09 Civ. 8709, 2011 U.S. Dist. LEXIS 63763, at *21-26 (S.D.N.Y. June 16, 2011) (precluding plaintiff from presenting any expert testimony at trial for failing to comply to the Court-ordered deadlines and Fed. R. Civ. P. 26(a)(2)); *Novomoskovsk Joint Stock Co. v. Revson*, No. 95 Civ. 5399, 1998 U.S. Dist. LEXIS 21351 (S.D.N.Y. Nov. 12, 1998) (expert testimony precluded where plaintiff sought to designate an expert one year after expert disclosure deadline, and less than seven weeks before trial); *Fund Comm'n Serv., II, Inc. v. Westpac Banking Co.,* No. 93 Civ. 8571, 1996 U.S. Dist. LEXIS 11937, at *14 (S.D.N.Y. Aug. 16, 1996) (precluding plaintiff under Fed. R. Civ. P. 37(c)(1) from offering any expert testimony where plaintiff failed to timely provide expert discovery); *R.C.M. Executive Gallery Corp. v. Rols Capital Co.*, No. 93 Civ. 0944, 1996 U.S. Dist. LEXIS 639 (S.D.N.Y. Jan. 25, 1996) (same); *251 CPW Housing Ltd., v. Paragon Cable Manhattan*, 1995 U.S. Dist. LEXIS 2025 (S.D.N.Y. Feb. 21, 1995) (same).

In determining whether to preclude an expert witness despite the offering party's failure to timely provide the required expert disclosures, courts consider "(1) the party's explanation for its failure to follow the scheduling order; (2) the importance of the precluded witness's testimony; (3) the prejudice that would result to the other party as a result of having to prepare for the new testimony; and (4) the possibility of a continuance." *Shea*, 2011 U.S. Dist. LEXIS 63763, at *21-22 (*citing Softel, Inc. v. Dragon Med, and Scientific Commc'n Inc*., 118 F.3d 955, 961 (2d Cir. 1997)).

First, Mayimba has no legitimate reason or explanation as to why it failed to designate any expert witnesses or produce any expert reports by the March 22, 2013 deadline, or at any time in the more than fourteen months thereafter.

Second, the testimony that Mayimba plans to offer from Cuevas is of little or no importance, because, as shown below, Cuevas is not qualified as an expert musicologist to offer opinion testimony as to substantial similarity and copying.  Moreover, her testimony based solely on her sensory perceptions as to the lyrics contained in the works at issue would not be sufficiently important to excuse Mayimba's disclosure failure.  The Court can determine the lyrics of the works at issue by simply listening to them, or reviewing the lyric sheets that the parties intend to offer at trial.

Third, allowing Cuevas (or any other proposed expert) to testify for Mayimba would result in substantial prejudice to Defendants.  Mayimba did not disclose Cuevas as a potential expert (or lay) witness, and discovery has long since closed.  Defendants therefore did not have an opportunity to depose Cuevas in order to test the basis of the opinions she now intends to offer, or to submit rebuttal expert reports in response to those opinions.

Lastly, Mayimba's desire to present expert testimony does not warrant a continuance of the trial.  The parties and the Court have already spent significant time scheduling the case for trial, and Defendants have incurred significant costs arranging for witnesses to travel from the Dominican Republic to testify within the currently scheduled trial dates.  Any adjournment would therefore significantly prejudice Defendants.

Accordingly, Mayimba should be precluded from presenting any expert testimony at trial.

## II. Any Expert Opinion Testimony By Marti Cuevas As To Substantial Similarity Or Copying Would Not Be Admissible Under The Federal Rules of Evidence

Even assuming Mayimba had timely and properly disclosed Cuevas as a potential expert witness (which it did not), Cuevas should be precluded from offering any expert opinion testimony as to alleged substantial similarity and copying between the musical works at issue.

### a. Cuevas is Not Qualified to Offer Expert Musicological Opinion Testimony

As an initial matter, Cuevas has not, and cannot be "qualified as an expert by knowledge, skill, experience, training, or education[.]" Fed. R. Evid. 702. Cuevas's declaration submitted in opposition to Defendants' summary judgment motion ("Cuevas Declaration") (Dkt. No. 21) (Exhibit A hereto),[2] merely states that she has "personally [] played saxophone in merengue bands" and has written unspecified "compositions" that have appeared in unspecified "publicly released recordings." (Cuevas Decl. [Dkt. No 21] ¶¶ 14-15.)

Based on that limited experience, Cuevas purports to opine that "many phrases [in the Arias Composition and Bello Composition[3]] are the same or indistinguishable to the listener" which supposedly "confirm[s]" that the Bello Composition copies from the Arias Composition. (*Id.* at ¶¶ 18-23.) Yet Cuevas (who is Mayimba's president and is thus far from unbiased) apparently lacks any formal training as a musicologist. Nor is there any indication that her opinion is based on "sufficient facts or data," or that she has developed and applied "reliable principles and methods" for comparing musical works. Fed. R. Evid. 702.

---

[2] Cuevas's Declaration was produced for the first time on September 16, 2013 in connection with Mayimba's opposition to Defendants' summary judgment motion, and is therefore inadmissible because it was produced after the close of discovery. (*See* Civil Case Management Plan [Dkt. No. 7]; Fed. R. Civ. P. 37(c).)

[3] Cuevas's Declaration makes no mention whatsoever of either Shakira's "Loca" (English) or "Loca" (Spanish).

Cuevas should therefore be precluded from offering any expert opinion testimony under Fed. R. Evid. 702.  *See Martinez v. McGraw*, No. 3-08-0738, 2013 U.S. Dist. LEXIS 16621 (M.D. Tenn. Feb. 7, 2013) (excluding testimony by plaintiff's proposed expert as to substantial similarity, where, among other things, expert had never been recognized as an expert witness in any area in any court, had never taken any classes in music theory or studied any music theory textbooks); *Arista Records LLC v. Lime Grp. LLC*, No. 06 CV 5936, 2011 U.S. Dist. LEXIS 47416, at *16-20 (S.D.N.Y. May 2, 2011) (precluding expert from testifying on statistical issues, where expert did not have a degree in statistics, did not teach statistics, never published articles on statistics, and never took a class in which statistics was the primary focus of the class) (citing Fed. R. Evid. 702); *Zaremba v. GMC*, 360 F.3d 355, 359-60 (2d Cir. 2004) (affirming exclusion of purported expert who had only a bachelor's degree in engineering, finding that purported expert had "meager qualifications to offer . . . opinions as to automobile design").[4]

### b. Mayimba Cannot Offer Expert Opinion Testimony Under the Guise of Lay Opinion Testimony

Under Federal Rule of Evidence 701(c), a lay witness may be permitted to provide opinion testimony only if that testimony is "*not* based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Id.* (emphasis added).  The purpose of Rule 701(c) is "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701 Advisory Committee's Note (2000 Amendments).  "By channeling testimony that is

---

[4] Nor does Cuevas' experience in the music publishing business qualify her as an expert in musicological analysis.  *See Haimdas v. Haimdas*, No. 09-CV-02034, 2010 U.S. Dist. LEXIS 15394 (E.D.N.Y. Feb. 22, 2010) (excluding testimony of family therapist offered to rebut testimony of psychologist regarding psychological analysis of children because psychology and family therapy are different disciplines); *Louis Vuitton Malletier v. Dooney & Burke, Inc.*, 525 F. Supp. 2d 558 (S.D.N.Y. 2007) (precluding testimony about probabilities by expert in colorimetry).

actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in" Rule 26 of the Federal Rules of Civil Procedure. *Id.* (emphasis added).

Mayimba therefore cannot introduce Cuevas' expert opinion testimony under Fed. R. Evid. 701 as a way to avoid the preclusive effect of Fed. R. Civ. P. 37(c) based on its failure to timely disclose any proposed expert witnesses, or to circumvent its inability to qualify Cuevas as an expert under Fed. R. Evid. 702. *See United States v. Garcia*, 413 F.3d 201, 216-17 (2d Cir. 2005) (police officer's testimony not admissible as lay opinion testimony, where officer's opinion relied upon his "specialized training and experience in narcotics trafficking," rather than "that of an average person in everyday life"); *DVL, Inc. v. Gen Elec. Co.*, 811 F. Supp. 2d 579, 590-91 (N.D.N.Y. 2010), *aff'd*, 490 F. App'x 378 (2d Cir. 2012) (striking portions of engineer's declaration containing expert opinions, where plaintiff failed to disclose engineer as an expert witness, as most of his averments "offer[ed] the opinion of a highly qualified individual drawing upon his expertise to reach conclusions surpassing his own experience of the events at issue").

### c. Any Non-Opinion Testimony Based on Cuevas's Personal Knowledge and Sensory Perceptions Would Not be Helpful to the Court

As shown above, Mayimba cannot offer any opinion testimony from Cuevas that transcends her own personal knowledge based on her sensory perception. While Mayimba may seek to introduce testimony from Cuevas as to the lyrics of the works at issue based on her "personally listen[ing]" to those works (Cuevas Decl. ¶ 16), such testimony would be redundant and superfluous, as the Court can hear the lyrics of the works at issue by simply listening to them, or by reviewing the lyric sheets that the parties will offer as exhibits at trial. Cuevas' testimony therefore adds nothing to the Court's analysis and should be excluded to avoid "undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**Conclusion**

For all of the reasons above, the Court should issue an Order precluding Mayimba from offering any expert opinion testimony at trial, including but not limited to testimony by Marti Cuevas as to alleged substantial musical similarity and copying, or as to the lyrics, of the works at issue.

Dated: New York, New York
May 28, 2014

LOEB & LOEB LLP

By: *s/ Barry I. Slotnick*
Barry I. Slotnick
Tal E. Dickstein
C. Linna Chen
345 Park Avenue
New York, NY  10154
Telephone: 212.407.4000

*Attorneys for Defendants*
*Sony Corporation of America, Sony Music Entertainment, Sony/ATV Latin Music Publishing LLC, Sony/ATV Discos Music Publishing LLC, and Sony/ATV Tunes LLC*

NY1277888.3