```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Mayimba Music, Inc.,                              :
                                                  :
               Plaintiff,                         :
                                                  :        12 Civ. 1094 (AKH)
       -against-                                  :
                                                  :
Sony Corporation of America, Sony Music           :
Entertainment, Sony/ATV Latin Music               :        (ORAL ARGUMENT REQUESTED)
Publishing LLC, Sony/ATV Discos Music             :
Publishing LLC, and Sony/ATV Tunes LLC,           :
                                                  :
               Defendants.                        :
                                                  :
                                                  :
-----------------------------------------------------------X
```

# Plaintiff Mayimba Music, Inc.'s
# Memorandum Of Law In Support of Motion In Limine
# <u>Limine To Exclude Defendants' Proposed Exhibits And Witnesses</u>

Borstein & Sheinbaum
Attorneys For Plaintiff Mayimba Music, Inc.
420 Lexington Avenue, Suite 2920
New York, New York 10170
Tel (212) 687-1600
Fax No (212) 687-8710

Introduction[1]

This is an action for copyright infringement of the musical composition entitled "Loca Con Su Tiguere" authored by Ramon Arias Vasquez. Dk No 1; Dk No 104. A trial on liability was held in June and July 2014. Dk No 104 at 1. Ramon Arias Vasquez and Edward Bello Pou testified before Judge Alvin K. Hellerstein at the trial. Dk No 104 at ¶¶ 7-11; 30-37. In written findings of fact and conclusions of law, filed on August 19, 2014, the Court found liability for copyright infringement. Dk No 104. Remedies were to be tried in a separate proceeding. Dk No 104 at ¶¶133-134.

On December 17, 2014, prior to a trial on remedies, Defendants moved to partially vacate Dk No 104, (Findings of Fact and Conclusions of Law on Liability filed on 08/19/2014) after a bench trial in June and July 2014 finding liability for copyright infringement. Dk Nos 113-120; 123. Defendants' motion was pursuant to Fed.R.Civ.P. 60(b) (2) and 59(a) based upon allegedly "newly discovered evidence". Dk Nos 113-120; 123. Defendants allege that their "newly discovered" evidence is Trial Exhibits 101 and 108. Id.

The alleged "newly discovered evidence," Trial Exhibits 101 and 108, have been known and disclosed to Defendants in this Action since at least **July 9, 2012**. Pl. Ex. 3 (Dk Nos 21-4) at 1-8; Pl. Ex. 6 (Tr. 307; 18-25 – 308:1-8). These exhibits have been the subject of pre-trial oral depositions in **July 2012** and examination at trial of this Action in June and July 2014. Pl. Ex. 3 (Dk No 21-4); Dk No 104. Ramon Arias Vasquez's public claims as author of Loca Con Su

---

[1] The Court is respectfully referred to the accompanying Declaration of James Sheinbaum, dated July 21, 2015, 2015 and exhibits submitted with that Declaration ("Pl Ex   ").

The Court is respectfully referred to Dk No 104 Findings of Fact and Conclusions of Law After Trial of Liability Issues filed 08/19/14 ("Dk No 104"). Ex. 101 is an audio tape cassette with white lettering imprinted on the cassette and insert with song titles and credits in parenthesis and an image of a male with a beard and sun glasses. Ex 108 is a compact disc of the audio portion of Ex. 101 which was made on July 9, 2012 at MSR Studios in New York City, New York in the presence of Tal Dickstein, Esq., on behalf of Defendants, James B. Sheinbaum, Esq. for Plaintiff and Martin Carle, an officer of Plaintiff.

1

Tiguere and that J&N Publishing LLC was his legally authorized publisher as established at trial on liability were public since at least 2008. Dk No 104 at ¶¶63-64.

Plaintiff's motion in limine for exclusion of expert testimony, documents, witnesses and arguments based on such documents and witnesses should be granted. Plaintiff respectfully reserves the right to make objections and seek exclusion of evidence at the hearing.

The Argument:

Point I

The Expert Report Of Paul Geluso And
Testimony Of Paul Gelso Should Be Excluded

Defendants may rely on the the Expert Report of Paul Geluso (Dk No 136) and his testimony and conclusions contained in that Report filed in this Action as Dk No 136 after discovery was complete and without any prior notice to Plaintiff. Apparently, Defendants want to offer the report and Mr. Geluso's testimony concerning a technical analysis of alleged sounds that are not part of the deposit copy of Loca Con Su Tiguere filed as part of the November 23, 2011 copyright registration for that work. Tr. Ex. 101;108; Dk No 136.

Mr. Geluso's Report and all testimony and argument based upon that Report should be excluded. Fed.R.Civ. P. Evid. 402 ("Irrelevant evidence is not admissible."); 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); 702 (qualified expert may give opinion testimony "if : (a)  the expert's specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue…"); 802 ("Hearsay is not admissible" absent an exception).

2

Point II

All Of Defendants' Alleged Documents And Testimony Concerning
"Tu Photo En El Display" And/Or
"Compra Un Vuelo" Should Be Excluded

According to Defendants, a person named Bienvenedo de la Cruz Pulinario composed "Tu Foto En El Display" also known as "Compra Un Vuelo". Dk Nos 118 and 131. However, SONY 000111 and SONY 000118 proposed hearing exhibits indicate that the words to the alleged composition were allegedly registered in ONDA in the Dominican Republic in October 2013. There is no evidence as to the alleged arrangement or music accompanying such alleged words. Thus, to the extent that any claim is made based upon that alleged work or arrangement of that work, all testimony and documents and exhibits such now be excluded. . Fed.R.Civ. P. Evid. 402 ("Irrelevant evidence is not admissible."); 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); 802 ("Hearsay is not admissible" absent an exception);  See also Fed.R.Evid. 602 (witness must have personal knowledge to testify); Fed.R.Evid. 802 (Hearsay not admissible subject to exceptions not applicable); Fed.R.Evid. 902(3) (authentication of foreign documents); Fed.R.Evid. 1002 (original of writing required in order to prove content subject to exceptions not applicable); Fed.R.Civ.P. 44(2) (certification of official foreign record).

Point III

All Of Defendants Proposed Documents, Witnesses, Declarations, and
Other Evidence Based Upon Hearsay and Which Are Not Properly Authenticated
Should Be Excluded In View Of Defendants' Heavy Burden
And Especially Because There Was No Formal Pretrial Discovery

Defendants bear a heavy burden, especially since they are relying upon witnesses and evidence which has not been subject to pretrial discovery and not subject to United States rules of evidence and law. As the record demonstrates, Defendants have presented multiple versions to support their present motions for summary judgment (denied by the Court) and to vacate DK No 104, finding liability for copyright infringement. Dk Nos 115-119; 134; 135; 136.

Even now, Defendants' presentation appears to be based upon exhibits, witnesses and arguments and conclusions premised upon inadmissible hearsay, unauthenticated and incomplete foreign documents and declarations which are not based upon personal knowledge setting out facts admissible in evidence as required by Fed.R.Civ.P. 56(c)(4). Dk Nos 116-120; 123; 133; 136. See Fed.R.Civ.P. 56(c)(4) (affidavit or declaration used to support motion must be made on personal knowledge and set out facts that would be admissible in evidence). See also Fed.R.Evid. 602 (witness must have personal knowledge to testify); Fed.R.Evid. 802 (Hearsay not admissible subject to exceptions not applicable); Fed.R.Evid. 902(3) (authentication of foreign documents); Fed.R.Evid. 1002 (original of writing required in order to prove content subject to exceptions not applicable); Fed.R.Civ.P. 44(2) (certification of official foreign record).

Conclusion

Plaintiff's motion for exclusion of witnesses, documents and expert reports and expert testimony in limine should be granted.

Dated: New York, New York

     July 21, 2015

                                Respectfully submitted,

                                BORSTEIN & SHEINBAUM
*Attorneys for Plaintiff Mayimba Music, Inc.*

By: */s/ James Sheinbaum*
     James Sheinbaum

420 Lexington Avenue
Suite 2920
New York, N.Y. 10170
Tel No: (212) 687-1600
Fax No: (212) 687-8710